UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ, | No. 2:24-cv-2474-DAD-SCR-P |
| Plaintiff, | |
| v. | ORDER |
| C. RIOS, | |
| Defendant. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

1  claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.
2  Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on
3  an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S.
4  at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
5  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

6  In order to avoid dismissal for failure to state a claim a complaint must contain more than
7  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
8  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the
11 court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial
12 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
13 inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When
14 considering whether a complaint states a claim, the court must accept the allegations as true,
15 Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most
16 favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

17  II.     Factual Allegations of the Complaint

18  While an inmate at High Desert State Prison, plaintiff alleges that Institutional Gang
19 Investigator C. Rios, the defendant in this action, fabricated and falsified evidence against him
20 when completing a gang validation packet on or about November 4, 2023.  Plaintiff asserts that
21 defendant Rios validated him as a gang member in retaliation for his prior lawsuits against prison
22 officials.  This gang validation also violated plaintiff's rights to equal protection because
23 defendant discriminatorily enforced the CDCR gang validation regulations only against Latino
24 inmates.  Plaintiff also raises a substantive due process challenge because his false gang
25 validation will result in atypical and significant hardships based on his placement in the
26 segregated housing unit ("SHU") and the denial of geriatric parole.  Lastly, plaintiff asserts
27 causes of action based on violations of CDCR regulations due to the lack of notice of a gang
28 validation interview with defendant Rios as well as California penal statutes prohibiting false

reporting by law enforcement officers.

### III. Claims for Which a Response Will Be Required

After conducting the screening required by 28 U.S.C. § 1915A(a), the court finds that plaintiff has adequately stated a valid First Amendment retaliation claim as well as an equal protection and substantive due process claim against defendant Rios.

### IV. Failure to State a Claim

However, the allegations in the complaint are not sufficient to state any claim for relief based on violations of CDCR regulations or California criminal statutes by defendant Rios. A violation of a prison regulation, which is not itself challenged as unconstitutional, does not provide a basis for liability. Sandin v. Conner, 515 U.S. 472, 481–82 (1995) (a "prison regulation [is] primarily designed to guide correctional officials in the administration of a prison" and is "not designed to confer rights on inmates...."). Thus, any claims based on the mere violation of a regulation are not actionable. Likewise, state criminal laws are not actionable in a § 1983 lawsuit. However, to the extent that plaintiff is attempting to raise supplemental state law claims, he will be granted leave to amend the complaint to allege any supplemental state law claims. See 28 U.S.C. § 1367(a).

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)

1  (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th Cir.
2  2012). Therefore, in an amended complaint, every claim and every defendant must be included.

3      V.    <u>Options from Which Plaintiff Must Choose</u>

4      Based on the court's screening, plaintiff has a choice to make. After selecting one of the
5  options from those listed below, plaintiff must return the attached Notice of Election form to the
6  court within 21 days from the date of this order.

7      **The first option available to plaintiff is to proceed immediately against defendant**
8  **Rios on a First Amendment retaliation as well as equal protection and substantive due**
9  **process claims. By choosing this option, plaintiff will be agreeing to voluntarily dismiss any**
10 **remaining state law claims against defendant Rios. The court will proceed to immediately**
11 **serve the complaint and order a response from defendant Rios only on the federal**
12 **constitutional claims found cognizable in this order.**

13     **The second option available to plaintiff is to file an amended complaint to fix the**
14 **problems described in Section IV with the supplemental state law claims against defendant**
15 **Rios. If plaintiff chooses this option, the court will set a deadline by subsequent order to**
16 **give plaintiff time to file an amended complaint.**

17     In accordance with the above, IT IS HEREBY ORDERED that:

18     1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 9) is GRANTED.

19     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
20 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
21 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
22 appropriate agency filed concurrently herewith.

23     3. Plaintiff's supplemental state law claims against defendant Rios do not state claims for
24 which relief can be granted.

25     4. Plaintiff has the option to proceed immediately on his First Amendment retaliation,
26 equal protection, and substantive due process claims against defendant Rios as set forth in Section
27 III above, or to file an amended complaint.

28     5. Within 21 days from the date of this order, plaintiff shall complete and return the

attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the supplemental state law claims against defendant Rios.

DATED: March 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. MARTINEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>C. RIOS,<br><br>            Defendant. | No.  2:24-cv-2474-DAD-SCR<br><br>NOTICE OF ELECTION |

Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his First Amendment retaliation, equal protection, and due process claims against defendant Rios without amending the complaint.  Plaintiff understands that by choosing this option, the remaining supplemental state law claims against defendant Rios will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_  Plaintiff wants time to file an amended complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　RONALD F. MARTINEZ
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1