1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RONALD F. MARTINEZ, | No. 2:24-CV-2474-DAD-SCR |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| C. RIOS, | |
| Defendant. | |

Plaintiff is a state prisoner representing himself in this civil rights action filed pursuant to 42 U.S.C. section 1983. On June 12, 2025, this case was referred to Post-Screening Early ADR. ECF No. 20. Counsel for defendant informed the court that plaintiff already has a scheduled settlement conference before Magistrate Judge Erica P. Grosjean in the Fresno division, in Martinez v. Rodriguez, Case No. 1:21-cv-1495-JLT-CDB, and Martinez v. Parks, et al., Case No. 1:21-cv-01496-KES-CDB, on September 16, 2025 at 1:00 p.m. In the interests of judicial economy and with the agreement of Magistrate Judge Erica P. Grosjean, the court shall set this matter for settlement on the same date and time for a potential global settlement of these pending matters.

Accordingly, IT IS ORDERED that:

1. The court sets a telephonic pre-settlement conference for September 9, 2025, at 10:30 a.m., before Magistrate Judge Erica P. Grosjean. Defense counsel has already been

1

1 provided with the phone number and access code for this telephonic conference. Defense counsel
2 shall arrange for plaintiff's participation.

3     2. A settlement conference is scheduled for September 16, 2025, at 1:00 p.m.,
4 before Judge Grosjean, via Zoom videoconference. Defense counsel shall arrange for plaintiff's
5 participation. Prior to the conference, defense counsel shall email Judge Grosjean's courtroom
6 deputy at fnavarro@caed.uscourts.gov for the Zoom videoconference connection information.

7     3. Each party or a representative with full authority to negotiate and enter into a binding
8 settlement agreement shall participate in the settlement conference. The failure of any counsel,
9 party, or authorized person subject to this order to participate in the conference may
10 result in the imposition of sanctions.

11     4. Consideration of settlement is a serious matter that requires thorough preparation prior
12 to the settlement conference. Participants in the conference must be prepared to discuss the
13 claims, defenses, and damages.

14     5. The parties shall engage in informal settlement negotiations as follows: No later than
15 August 26, 2025, plaintiff shall submit to defendant, by mail, a written itemization of damages
16 and a meaningful settlement demand, including a brief explanation of why such settlement is
17 appropriate, which shall not exceed 5 pages. No later than September 2, 2025, defendant shall
18 respond, by mail or telephone, with an acceptance of plaintiff's offer or a meaningful
19 counteroffer, including a brief explanation of why such settlement is appropriate. If settlement is
20 achieved, the parties shall file a Notice of Settlement as required by Local Rule 160.

21     6. If settlement is not achieved informally, the parties shall submit confidential
22 settlement conference statements no later than September 9, 2025. Defendant shall email his or
23 her statement to epgorders@caed.uscourts.gov. Plaintiff shall mail his statement, clearly
24 captioned "Confidential Settlement Conference Statement," to United States District Court, Attn:
25 Magistrate Judge Erica P. Grosjean, 2500 Tulare Street, Room 1501, Fresno, CA 93721. Once
26 the parties have submitted their statements, they shall file a "Notice of Submission of
27 Confidential Settlement Conference Statement" with the court. The confidential settlement
28 ////

conference statements themselves should not be filed with the court nor served on the opposing party.

7. The confidential settlement conference statements should be no longer than 5 pages in length and include:

    a. A brief summary of the facts of the case;

    b. A brief summary of the claims and defenses of the case, i.e., the statutory, constitutional, or other grounds upon which the claims are founded;

    c. A forthright discussion of the strengths and weaknesses of the case and an evaluation of the likelihood of prevailing on the claims or defenses, from the party's perspective, and a description of the major issues in dispute;

    d. An estimate of the party's expected costs and time to be expended for further discovery, pretrial matters, and trial;

    e. A summary of past settlement discussions, including the informal settlement negotiations required above; a statement of the party's current position on settlement, including the amount the party would offer and accept to settle (in specific dollar amounts); and a statement of the party's expectations for settlement discussions;

    f. An estimate of any restitution allocated to Plaintiff, or other financial obligation assigned to Plaintiff, that would affect the parties' settlement discussions;

    g. A list of the individuals who will be attending the conference on the party's behalf, including names and, if appropriate, titles; and,

    h. If a party intends to discuss the settlement of any other actions or claims not raised in this suit, a brief description of each action or claim, including case number(s), as applicable.

DATED: August 8, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE